UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANNA ARAGONA, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>RETRIEVAL MASTERS CREDITORS BUREAU, INC., and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case No.: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, ANNA ARAGONA, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, RETRIEVAL MASTERS CREDITORS BUREAU, INC. ("RMCGI"), and JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because jurisdiction is not founded solely on diversity of citizenship and one of the Plaintiffs resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and resides in Union County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. RMCBI is a corporation with an office located at 4 Westerchester Plaza, Suite 110, Elmsford, New York 10523.

8. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

9. Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey

consumers and their successors in interest (the "Class"), against whom complaints were filed in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent a letter/notice from RETRIEVAL concerning a debt owed to LABORATORY CORPORATION OF AMERICA, between March 5, 2018 and March 5, 2019, which included the alleged conduct and practices described herein.
>
> <u>The class definition may be subsequently modified or refined.</u>
>
> <u>The Class period begins one year to the filing of this Action</u>.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because Defendants filed hundreds of complaints that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form practice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether the Defendants violated various provisions of the FDCPA including but not limited to:

        15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f;

    b.    Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without

> the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **STATEMENT OF FACTS**

13. Plaintiff is, at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. On or about November 25, 2015, Plaintiff's spouse allegedly incurred a financial obligation to LABORATORY CORPORATION OF AMERICA ("LABCORP").

15. Plaintiff was not contractually liable on the LABCORP obligation.

16. Plaintiff did not sign any documents agreeing to be contractually liable on the LABCORP obligation.

17. The LABCORP obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18. The LABCORP obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. LABCORP is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20.     Sometime prior to February 4, 2019, LABCORP either directly or through intermediate transactions assigned, placed, or transferred the LABCORP obligation to RMCBI, for the purpose of collection.

21.     At the time the LABCORP obligation was assigned, placed, or transferred to RMCBI, such obligation was in default.

22.     On or about February 4, 2019, RMCBI caused to be mailed to Plaintiff letter attempting to collect the LABCORP obligation. A copy of said letter is annexed hereto as **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

23.     The February 4, 2019 letter stated in part:

> Anna Aragona:
>
> In previous correspondence, we informed you of your obligation to pay the **$798.00** you owe to our client, **Laboratory Corporation Of America,** for the following charges:
>
> | Date of Service | Account Number | Balance |
> |---|---|---|
> | 11/25/1015 | LC3 xxxxxxxx40 | $221.00 |
> | 11/25/2015 | LC3 xxxxxxxx90 | $577.00 |
>
> The amount of money involved is **$798.00.** If you have insurance, we will not accept your claim form. *It is your responsibility to make full payment.* Any insurance claim is your responsibility to negotiate with your carrier. Mail your payment to us with the bottom of this letter. [emphasis added].

24.     The February 4, 2019 letter stated three times on the right hand side:

    CREDIT AT RISK    CREDIT AT RISK    CREDIT AT RISK

25.     Plaintiff's credit was not risk due to the LABCORP obligation.

26.     The February 4, 2019 letter further stated on the payment coupon:

You Owe: Laboratory Corporation Of America

27. Plaintiff did not receive services or products from LABCORP on November 25, 2015.

28. Plaintiff did not owe the any funds monies to LABCORP, as set forth in the February 4, 2019 letter.

29. On February 15, 2019, Plaintiff through her undersigned attorney dispute the alleged LABCORP obligations in writing and requested verification of such obligations. A copy of said letter is annexed hereto as **Exhibit B**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

30. On or about March 1, 2019, RMCBI mailed two documents titled Health Insurance Claim Form. . A copy of said Claim Forms are annexed hereto as **Exhibit C**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy

31. Said Claim states the patient's names as Sussman, David.

32. Plaintiff is not known by the name of Sussman, David.

33. No goods were sold and delivered to Plaintiff nor were any services rendered to Plaintiff upon the promise that she pay reasonable price for same.

34. Upon receipt Plaintiff read the February 4, 2019 letter.

## POLICIES AND PRACTICES COMPLAINED OF

35. It is RMCBI's policy and practice to file complaints against Plaintiff and others similarly situated as shown in **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b)  Threatening to take any action that cannot legally be taken;

   (c)  Using unfair or unconscionable means to collect or attempt to collect any debt; and

   (d)  Misrepresenting the character and/or legal status of any debt.

36. On information and belief, Defendants engaged in the practices described herein by collection letters in the form annexed hereto as **Exhibit A**, to at least 40 natural persons in the State of New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

37. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

38. Collection letters and/or notices, such as those filed by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

39. The form, layout and content of Defendants' letter and/or notices would cause the least sophisticated consumer to be confused about his or her rights.

40. Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10).

41. Defendants engaged in unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

42. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with communications to Plaintiff and others similarly situated.

43. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with attempts to collect debts from Plaintiff and others similarly situated as described herein.

44. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

45. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character and legal status of the debt as described herein.

46. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

47. Defendants violated 15 U.S.C. § 1692e(5) by threatening to take and/or taking any action against Plaintiff as described herein.

48. Defendants violated 15 U.S.C. § 1692e(5) by threatening to place Plaintiff's credit at risk.

49. Defendants violated 15 U.S.C. § 1692e(5) by stating that "It is your responsibility to make full payment" when Plaintiff has not such responsibility.

50. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

51. Defendants violated 15 U.S.C. § 1692e(10) by stating that "It is your responsibility to make full payment" when Plaintiff has not such responsibility.

52. Defendants violated 15 U.S.C. § 1692e(10) by stating that Plaintiff's "CREDIT IS AT RISK", when not such risk existed.

53. Defendants' conduct as described herein constitutes false representations or deceptive means to collect or attempt to collect any debt.

54. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

55. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

56. Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect any amount from Plaintiff, which was not authorized by the agreement creating the obligation or permitted by law.

57. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

58. Plaintiff and others similarly situated were sent collection letters, which could have affected their decision-making with regard to the debt.

59. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

60. Plaintiff has suffered actual damages and other damages as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

  (f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

  (g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: March 4, 2019

           *s/ Joseph K. Jones*
           Joseph K. Jones, Esq.
           JONES, WOLF & KAPASI, LLC
           375 Passaic Avenue, Suite 100
           Fairfield, New Jersey 07004
           (973) 227-5900 telephone
           (973) 244-0019 facsimile
           jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

           *s/ Joseph K. Jones*
           Joseph K. Jones, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 5, 2019

                                               *s/ Joseph K. Jones*
                                               Joseph K. Jones, Esq.

# Exhibit

# A

# retrieval masters creditors bureau, inc

**COLLECTION AGENCY**

**4 Westchester Plaza Suite 110, Elmsford, NY 10523**

February 4, 2019

Pin Number:
(855) 980-7622

42

Anna Aragona

Anna Aragona:

In previous correspondence, we informed you of your obligation to pay the **$798.00** you owe to our client, **Laboratory Corporation Of America**, for the following charges:

| Date of Service | Account Number | Balance |
| --- | --- | --- |
| 11/25/2015 | LC3         40 | $221.00 |
| 11/25/2015 | LC3         90 | $577.00 |

The amount of money involved is **$798.00**. If you have insurance, we will not accept your claim form. It is your responsibility to make full payment. Any insurance claim is your responsibility to negotiate with your carrier. Mail your payment to us with the bottom of this letter.

**CREDIT AT RISK**

SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

Detach and return this portion with payment using enclosed envelope.

**Amount Due:**  $798.00

| You Owe: | Laboratory Corporation Of America |
| --- | --- |
| Charge Date | SEE ABOVE |
| Account Number | |
| Pin Number: | |
| Name: | Anna Aragona |
| Street Address: | |
| City, State Zip: | |

To pay online: pay.retrievalmasters.com
☐ VISA   ☐ MASTERCARD   ☐ DISCOVER

Card #: 
Exp. Date:          CVV Code:          Amount:
Signature:
Client Code:               Account:
Pin Number:
02 L2M A17 458

RMCB
PO BOX 1235
ELMSFORD, NY 10523-0935

The disclosures below are required by state or federal law. This is not intended to be a complete statement of all rights consumers may have under state and federal law.

"This is an attempt to collect a debt. Any information obtained will be used for that purpose." This communication is from a debt collector.

△ Detach along this edge. △
Return the Bottom portion with your check, credit card information or money order.
Include your account number, name and address on all correspondence.

Thank you for your attention to this matter.

555189 - 00014093 - 1 of 1

# Exhibit

# B

*New York*
One Grand Central Place
60 East 42nd St., 46th Floor
New York, NY 10165
p. (646) 459-7971
f. (646) 459-7973

*New Jersey*
375 Passaic Ave., Ste. 100
Fairfield, NJ 07004
p. (973) 227-5900
f. (973) 244-0019



Joseph K. Jones, Esq.††
Benjamin J. Wolf, Esq.††
Anand A. Kapasi, Esq.†
Paul Gottleib, Esq.

††Admitted NY, NJ, CT
†Admitted NY, NJ

www.legaljones.com

*Reply to:  New York*

February 15, 2019

<u>Via Facsimile (914) 992-8935 and First Class Mail</u>

**Retrieval Masters Creditors Bureau, Inc**
4 Westchester Plaza, Suite 110
Elmsford, NY 10523

                Re:    Anna Aragona
                        Creditor: Laboratory Corporation Of America
                        Account No.: ▮▮▮▮▮▮▮▮▮▮
                        Pin No.: ▮▮▮▮▮▮▮

To Whom It May Concern:

      This firm has been retained to represent the interest of Anna Aragona, relative to the above-referenced matter.

      Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Ms. Aragona.  Furthermore, Ms. Aragona hereby revokes any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to contact her on her mobile telephone, whether by calling, texting or emailing or to any facsimile device.

      As provided for under 15 U.S.C. §1692g(b), my client disputes the validity of a portion of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor.  Kindly forward all such information to our <u>New York</u> office. Additionally, pursuant to 15 U.S.C. §1692e(8), if Retrieval Masters Creditors Bureau, Inc., is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

      Your anticipated cooperation in this matter is appreciated.

                                    JONES, WOLF & KAPASI, LLC

                                    */s/ Joseph K. Jones*
                                    Joseph K. Jones, Esq.
                                    jkj@legaljones.com

# Exhibit C



PT 04                                                   LEEL7

# HEALTH INSURANCE CLAIM FORM
APPROVED BY NATIONAL UNIFORM CLAIM COMMITTEE (NUCC) 02/12

BALANCE DUE = $ 577.00

CARRIER

| PICA | | | | | | | | PICA |

1. MEDICARE ☐ (Medicare#)  MEDICAID ☐ (Medicaid#)  TRICARE ☐ (ID#/DoD#)  CHAMPVA ☐ (Member ID#)  GROUP HEALTH PLAN ☐ (ID#)  FECA BLK LUNG ☐ (ID#)  OTHER ☒ (ID#)
1a. INSURED'S I.D. NUMBER   (For Program in Item 1)

2. PATIENT'S NAME (Last Name, First Name, Middle Initial)
SUSSMAN   DAVID

3. PATIENT'S BIRTH DATE   SEX  M ☒  F ☐

4. INSURED'S NAME (Last Name, First Name, Middle Initial)
ARAGONA   ANNA

5. PATIENT'S ADDRESS (No., Street)

6. PATIENT RELATIONSHIP TO INSURED
Self ☐   Spouse ☒   Child ☐   Other ☐

7. INSURED'S ADDRESS (No., Street)

CITY          STATE NJ
8. RESERVED FOR NUCC USE
CITY          STATE NJ

ZIP CODE    TELEPHONE (Include Area Code)
ZIP CODE    TELEPHONE (Include Area Code)

9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)

10. IS PATIENT'S CONDITION RELATED TO:

11. INSURED'S POLICY GROUP OR FECA NUMBER

a. OTHER INSURED'S POLICY OR GROUP NUMBER
a. EMPLOYMENT? (Current or Previous)   YES ☐   NO ☒
a. INSURED'S DATE OF BIRTH   SEX  M ☐  F ☐

b. RESERVED FOR NUCC USE
b. AUTO ACCIDENT?   YES ☐   NO ☒   PLACE (State)
b. OTHER CLAIM ID (Designated by NUCC)

c. RESERVED FOR NUCC USE
c. OTHER ACCIDENT?   YES ☐   NO ☒
c. INSURANCE PLAN NAME OR PROGRAM NAME

d. INSURANCE PLAN NAME OR PROGRAM NAME
MLT PPP NJ
10d. CLAIM CODES (Designated by NUCC)
d. IS THERE ANOTHER HEALTH BENEFIT PLAN?   YES ☐   NO ☐   If yes, complete items 9, 9a, and 9d.

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.
12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE  I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.
SIGNED   SIGNATURE ON FILE   DATE

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE  I authorize payment of medical benefits to the undersigned physician or supplier for services described below.
SIGNED   SIGN ON FILE

14. DATE OF CURRENT ILLNESS, INJURY, or PREGNANCY (LMP)   QUAL.
15. OTHER DATE   QUAL.   MM DD YY
16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION
FROM   TO

17. NAME OF REFERRING PROVIDER OR OTHER SOURCE
DN DIANE HELLER
17a.
17b. NPI
18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES
FROM   TO

19. ADDITIONAL CLAIM INFORMATION (Designated by NUCC)

20. OUTSIDE LAB?   YES ☐   NO ☐   $ CHARGES

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY  Relate A-L to service line below (24E)   ICD Ind. 0

A. ▮  B.  C.  D.
E.  F.  G.  H.
I.  J.  K.  L.

22. RESUBMISSION CODE   ORIGINAL REF. NO.

23. PRIOR AUTHORIZATION NUMBER

| 24. A. DATE(S) OF SERVICE From / To | B. PLACE OF SERVICE | C. EMG | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS / MODIFIER | E. DIAGNOSIS POINTER | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. ID. QUAL. | J. RENDERING PROVIDER ID. # |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | |
| 2 | | | | | | | | | |
| 3 | | | | | | | | | |
| 4 | | | | | | | | | NPI |
| 5 | | | | | | | | | NPI |
| 6 | | | | | | | | | NPI |

25. FEDERAL TAX I.D. NUMBER   SSN ☐  EIN ☒
26. PATIENT'S ACCOUNT NO.
     5038
27. ACCEPT ASSIGNMENT? (For govt. claims, see back)   YES ☒   NO ☐
28. TOTAL CHARGE   $ 602.00
29. AMOUNT PAID   $ 25.00
30. Rsvd for NUCC Use

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.)
02/19/19
SIGNED   DATE

32. SERVICE FACILITY LOCATION INFORMATION
LABCORP RARITAN
69 FIRST AVENUE
RARITAN NJ 08869-1800

a.   NPI   b.

33. BILLING PROVIDER INFO & PH # (   )
LABORATORY CORPORATION OF AMERICA
PO BOX 2270
BURLINGTON NC 27216-2270

a.   b.

NUCC Instruction Manual available at: www.nucc.org   PLEASE PRINT OR TYPE   CR061653   APPROVED OMB-0938-1197 FORM 1500 (02-12)



PT 04  LEEL7

# HEALTH INSURANCE CLAIM FORM
APPROVED BY NATIONAL UNIFORM CLAIM COMMITTEE (NUCC) 02/12

BALANCE DUE = $ 221.00

CARRIER

☐ PICA                                    ☐ PICA

1. MEDICARE ☐ (Medicare#)  MEDICAID ☐ (Medicaid#)  TRICARE ☐ (ID#/DoD#)  CHAMPVA ☐ (Member ID#)  GROUP HEALTH PLAN ☐ (ID#)  FECA BLK LUNG ☐ (ID#)  OTHER ☒ (ID#)   1a. INSURED'S I.D. NUMBER (For Program in Item 1)

2. PATIENT'S NAME (Last Name, First Name, Middle Initial)
SUSSMAN   DAVID

3. PATIENT'S BIRTH DATE   SEX  M ☒  F ☐

4. INSURED'S NAME (Last Name, First Name, Middle Initial)
ARAGONA   ANNA

5. PATIENT'S ADDRESS (No., Street)    [REDACTED]

6. PATIENT RELATIONSHIP TO INSURED  Self ☐  Spouse ☐  Child ☐  Other ☐

7. INSURED'S ADDRESS (No., Street)    [REDACTED]

CITY    STATE NJ

8. RESERVED FOR NUCC USE

CITY    STATE NJ

ZIP CODE    TELEPHONE (Include Area Code)

ZIP CODE    TELEPHONE (Include Area Code)

9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)

10. IS PATIENT'S CONDITION RELATED TO:

11. INSURED'S POLICY GROUP OR FECA NUMBER

a. OTHER INSURED'S POLICY OR GROUP NUMBER
J[REDACTED]35500

a. EMPLOYMENT? (Current or Previous)   YES ☐  NO ☒

a. INSURED'S DATE OF BIRTH   MM DD YY   SEX  M ☐  F ☐

b. RESERVED FOR NUCC USE

b. AUTO ACCIDENT?   YES ☐  NO ☒   PLACE (State)

b. OTHER CLAIM ID (Designated by NUCC)

c. RESERVED FOR NUCC USE

c. OTHER ACCIDENT?   YES ☐  NO ☒

c. INSURANCE PLAN NAME OR PROGRAM NAME

d. INSURANCE PLAN NAME OR PROGRAM NAME
MLT PPP NJ

10d. CLAIM CODES (Designated by NUCC)

d. IS THERE ANOTHER HEALTH BENEFIT PLAN?  YES ☐  NO ☐   If yes, complete items 9, 9a, and 9d.

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.
12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE  I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.
SIGNED  SIGNATURE ON FILE   DATE _____

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE  I authorize payment of medical benefits to the undersigned physician or supplier for services described below.
SIGNED  SIGN ON FILE

14. DATE OF CURRENT ILLNESS, INJURY, or PREGNANCY (LMP)  MM DD YY   QUAL.

15. OTHER DATE  QUAL.   MM DD YY

16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION  FROM MM DD YY  TO MM DD YY

17. NAME OF REFERRING PROVIDER OR OTHER SOURCE
DN DIANE HELLER

17a.
17b. NPI

18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES  FROM MM DD YY  TO MM DD YY

19. ADDITIONAL CLAIM INFORMATION (Designated by NUCC)

20. OUTSIDE LAB?  YES ☐  NO ☐   $ CHARGES

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY  Relate A-L to service line below (24E)   ICD Ind. 0
A. [REDACTED]  B.   C.   D.
E.   F.   G.   H.
I.   J.   K.   L.

22. RESUBMISSION CODE   ORIGINAL REF. NO.

23. PRIOR AUTHORIZATION NUMBER

| 24. A. DATE(S) OF SERVICE From MM DD YY — To MM DD YY | B. PLACE OF SERVICE | C. EMG | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS MODIFIER | E. DIAGNOSIS POINTER | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. ID. QUAL. | J. RENDERING PROVIDER ID. # |
|---|---|---|---|---|---|---|---|---|---|
| 1 [REDACTED] | | | | | | | | | |
| 2 [REDACTED] | | | | | | | | | |
| 3 | | | | | | | | | NPI |
| 4 | | | | | | | | | NPI |
| 5 | | | | | | | | | NPI |
| 6 | | | | | | | | | NPI |

25. FEDERAL TAX I.D. NUMBER   SSN ☐ EIN ☒

26. PATIENT'S ACCOUNT NO.

27. ACCEPT ASSIGNMENT? (For govt. claims, see back)  YES ☒  NO ☐

28. TOTAL CHARGE  $ 246.00

29. AMOUNT PAID  $ 25.00

30. Rsvd for NUCC Use

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.)
SIGNED   DATE 02/19/19

32. SERVICE FACILITY LOCATION INFORMATION
LABCORP RARITAN
69 FIRST AVENUE
RARITAN NJ 08869-1800
a.    NPI   b.

33. BILLING PROVIDER INFO & PH # (    )
LABORATORY CORPORATION OF AMERICA
PO BOX 2270
BURLINGTON NC 27216-2270
a. 1902809940   b.

NUCC Instruction Manual available at: www.nucc.org   PLEASE PRINT OR TYPE   CR061653   APPROVED OMB-0938-1197 FORM 1500 (02-12)