**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANNA ARAGONA, on behalf of herself and all others similarly situated,<br><br>     Plaintiff(s),<br><br>vs.<br><br>RETRIEVAL MASTERS CREDITORS BUREAU, INC., and JOHN DOES 1-25,<br><br>     Defendant(s). | Case No. 2:19-cv-07934<br><br><br><br>**ANSWER, COUNTERCLAIM, AND THIRD-PARTY COMPLAINT** |
| RETRIEVAL MASTERS CREDITORS BUREAU, INC.,<br><br>     Third-Party Plaintiff,<br><br>vs.<br><br>DAVID SUSSMAN,<br><br>     Third-Party Defendant. | |

Defendant/Third-Party Plaintiff Retrieval Masters Creditors Bureau, Inc. ("RMCB") hereby responds on behalf of itself, and no other, to the Class Action Complaint of Plaintiff Anna Aragona ("Plaintiff") as follows:

1.   Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, RMCB generally denies each and every allegation contained in the complaint except those expressly admitted below.

2.   RMCB admits the allegations of paragraphs: 3, insofar is venue is proper in this district; 7; 22 insofar as RMCB caused the letter to be mailed.

**PRAYER FOR RELIEF**

RMCB denies that Plaintiff is entitled to any of the items set forth in the prayer for relief.

**AFFIRMATIVE DEFENSES**

1.   Plaintiff's claims are barred as against RMCB by 15 U.S.C. § 1692k(c).

2.      Plaintiff's state law claims are barred as against RMCB by federal statutes, including 15 U.S.C. § 1692 et seq.

3.      Plaintiff's Complaint is barred due to her failure to exhaust her administrative remedies.

4.      Plaintiff lacks standing to assert the claims in the Complaint because Plaintiff has not been harmed or suffered an "injury-in-fact" by the alleged conduct at issue regardless of whether Plaintiff seeks statutory damages.

5.      Plaintiff's claims may be barred against RMCB due to a contractual arbitration clause.

6.      RMCB is informed and believes and thereon alleges that the applicable statutes of limitation bar all claims for relief in the Complaint.

7.      RMCB is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and resulted from Plaintiff's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by RMCB.

8.      The damages claimed by Plaintiff could have been mitigated with due diligence or by one acting under similar circumstances.  Plaintiff's failure to mitigate is a bar to recovery under the Complaint.

9.      The Complaint and each of its purported claims for relief are barred by the doctrine of estoppel.

10.      The Complaint and each of its purported claims for relief are barred by the doctrine of laches.

11.      The Complaint and each of its purported claims for relief are barred by the doctrine of unclean hands.  Plaintiff's Complaint does not contend that the subject debt is not owed, nor that the subject debt has been satisfied. As such, Plaintiff is in breach of the agreement with the credit originator, and but for the breach of that agreement, RMCB would not have communicated with Plaintiff.

12.     The Complaint and each of its purported claims for relief are barred by the doctrine of waiver.

13.     RMCB alleges that at all times it acted in good faith and with good cause. The conduct of RMCB was within the reasonable expectations of the parties and was reasonably related to RMCB's legitimate business interests upon the basis of reasonable factors.

14.     The Complaint fails to state facts sufficient to constitute a cause of action against RMCB relative to the content of the alleged communications and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever, from RMCB.

15.     RMCB is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the result of the acts or omissions of third persons over whom RMCB had neither control nor responsibility, and whom Plaintiff has failed to name in this action.

16.     RMCB alleges that the Complaint does not describe the alleged actions with sufficient particularity to permit it to ascertain what other defenses may exist at this time. RMCB therefore reserves the right to assert all defenses that may pertain to the Complaint as the facts of the case are discovered.

**WHEREFORE**, RMCB prays as follows:

1.     Plaintiff takes nothing by way of her Complaint herein and that this action is dismissed in its entirety;

2.     For RMCB's attorney's fees and costs incurred herein;

3.     For such other relief as the Court may deem just and proper.

## COUNTERCLAIM

RMCB, by and through its attorneys, by way of Counterclaim against Plaintiff hereby states as follows:

## PARTIES

1.     RMCB is a corporation organized and existing under the laws of the State of New York with its principal place of business located in the State of New York.

3

2.     Upon information and belief, Plaintiff is an individual residing at 85 Morris Avenue, Summit, New Jersey and is a citizen of the State of New Jersey.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over RMCB's counterclaim for fraud pursuant to 28 U.S.C. § 1367(a) because the claim is based on the same nucleus of operative facts as Plaintiff's claims.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district and Plaintiff is a resident of this district.

## FACTS COMMON TO ALL CLAIMS

5.     Plaintiff filed a Complaint against RMCB, alleging, *inter alia*, that RMCB violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, by sending a debt collection letter to Plaintiff regarding a financial obligation to Laboratory Corporation of America ("Lab Corp") allegedly incurred by Plaintiff's spouse.

6.     Upon information and belief, David Sussman ("Sussman") is Plaintiff's spouse.

7.      Plaintiff, individually or together with Sussman, represented to Lab Corp that Plaintiff was the responsible party for any financial obligation to Lab Corp incurred by Sussman ("debt").

8.     RMCB acquired the right to attempt to collect the debt.

9.     Based upon the representation that Plaintiff was the responsible party for the debt, RMCB issued a letter attempting to collect the debt from Plaintiff.

## COUNT I
## (FRAUD)

10.     RMCB re-alleges the allegations set forth in the above Paragraphs 1 through 9 as if fully set forth herein.

11.     Plaintiff, individually or together with Sussman, made a material misrepresentation that Plaintiff was the responsible party for the debt.

12.     Plaintiff knew or believed this representation was false.

13.     Plaintiff intended for Lab Corp and/or any entity attempting to collect the debt to rely on this representation.

14.     RMCB was attempting to collect the debt and reasonably relied on Plaintiff's representation

15.     RMCB sustained damages due to its reliance on Plaintiff's representation.

**WHEREFORE**, RMCB prays as follows:

1.     Judgment in RMCB's favor and against Plaintiff for damages, including the amount of any judgment entered in favor of Plaintiff against RMCB;

2.     For RMCB's attorney's fees and costs incurred herein;

3.     For such other relief as the Court may deem just and proper.

## THIRD-PARTY COMPLAINT

RMCB, by and through its attorneys, by way of Third-Party Complaint against Sussman hereby states as follows:

## PARTIES

1.     RMCB is a corporation organized and existing under the laws of the State of New York with its principal place of business located in the State of New York.

2.     Upon information and belief, Sussman is an individual residing at 85 Morris Avenue, Summit, New Jersey and is a citizen of the State of New Jersey.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over RMCB's third-party claim for fraud pursuant to 28 U.S.C. § 1367(a) because the claim is based on the same nucleus of operative facts as Plaintiff's claims.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district and Sussman is a resident of this district.

## FACTS COMMON TO ALL CLAIMS

5.      Plaintiff filed a Complaint against RMCB, alleging, *inter alia*, that RMCB violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, by sending a debt collection letter to Plaintiff regarding a financial obligation to Laboratory Corporation of America ("Lab Corp") allegedly incurred by Plaintiff's spouse.

6.      Upon information and belief, Sussman is Plaintiff's spouse.

7.       Sussman, individually or together with Plaintiff, represented to Lab Corp that Plaintiff was the responsible party for any financial obligation to Lab Corp incurred by Sussman ("debt").

8.      RMCB acquired the right to attempt to collect the debt.

9.      Based upon the representation that Plaintiff was the responsible party for the debt, RMCB issued a letter attempting to collect the debt from Plaintiff.

## COUNT I
## (FRAUD)

10.      RMCB re-alleges the allegations set forth in the above Paragraphs 1 through 9 as if fully set forth herein.

11.      Sussman, individually or together with Plaintiff, made a material misrepresentation that Plaintiff was the responsible party for the debt.

12.      Sussman knew or believed this representation was false.

13.      Sussman intended for Lab Corp and/or any entity attempting to collect the debt to rely on this representation.

14.      RMCB was attempting to collect the debt and reasonably relied on Sussman's representation

15.      RMCB sustained damages due to its reliance on Sussman's representation.

**WHEREFORE**, RMCB prays as follows:

1.      Judgment in RMCB's favor and against Sussman for damages, including the amount of any judgment entered in favor of Plaintiff against RMCB;

2.      For RMCB's attorney's fees and costs incurred herein;

3.      For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that RMCB demands a trial by jury in this action.

Dated: April 12, 2019                    Respectfully submitted,

                                         GORDON REES SCULLY MANSUKHANI, LLP
                                         *Attorneys for Defendant/Third-Party Plaintiff*
                                         *Receivables Performance Management, L.L.C.*

                              By: *s/ Peter G. Siachos*
                                    Peter G. Siachos, Esq.
                                    18 Columbia Turnpike, Suite 220
                                    Florham Park, NJ 07932
                                    Telephone: (973) 549-2500
                                    Facsimile: (973) 377-1911
                                    Email: psiachos@grsm.com